IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-901-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael Curtis Reynolds, currently incarcerated at FCI-Greenville, Illinois, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges his conviction, claiming the trial judge contacted and threatened a key defense witness and that exculpatory material evidence of his actual innocence is still being withheld.

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

## Background

In 2007, a jury in the Middle District of Pennsylvania found Reynolds guilty of five terrorism-related crimes. *United States v. Reynolds*, Case No. 05-cr-493 (M.D. Pa.) ("criminal case"). He was sentenced to an aggregate term of 360 months imprisonment, which the Third

---

[1] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Circuit affirmed. *See United States v. Reynolds*, 374 F. App'x 356, 363 (3d Cir. 2011).

Reynolds' initial motion under 28 U.S.C. § 2255 was dismissed on August 15, 2012 (Doc. 479 in criminal case); *Reynolds v. United States*, 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012). He subsequently filed several collateral attacks in the sentencing court that were dismissed as unauthorized successive motions brought under § 2255. (*See* Doc. 492 in criminal case, Nov. 28, 2012); *Reynolds v. United States*, Case No. 16-cv-1843 (M.D. Pa.) (Docs. 522, 537 in criminal case, Dec. 9, 2016); *Reynolds v. United States*, Case No. 17-cv-750 (M.D. Pa.) (Docs. 557, 562 in criminal case, Dec. 21, 2017).

In 2018, Reynolds filed two cases in the sentencing court, both invoking *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) and urging the court to set aside its judgment as having been obtained by fraudulent means.[2] The court construed the relevant filing in the first case (*Reynolds v. United States*, Case No. 18-cv-691)[3] as a habeas petition pursuant to § 2241 and dismissed it because Reynolds' claim of "actual innocence" did not arise from a change in law subsequent to his conviction and could not be brought under the "safety-valve" clause of 28 U.S.C. § 2255(e) (Doc. 5 in Case No. 18-cv-691, M.D. Pa., April 4, 2018). The court analyzed Reynolds' second *Hazel-Atlas* petition (*Reynolds v. United States*, Case No. 18-cv-1093) as a civil rights claim, and in the alternative, a habeas action

---

[2] Reynolds had previously sought relief in 2010 under *Hazel-Atlas*, prior to bringing his initial § 2255 motion, which the District Court denied. *See Reynolds v. United States*, Case No. 05-cr-493, 2012 WL 12981962 at *2 (M.D. Pa. Aug. 15, 2012) (denying § 2255 motion); *see also United States v. Reynolds*, 447 F. App'x 298 (3d Cir. 2011).

[3] Reynolds' claims included: (1) it was physically impossible for him to have committed an e-mail crime within the confines of this district; (2) a prosecution witness was coerced; (3) false statements and testimony by an FBI agent was used to obtain his conviction; and (4) illegally seized evidence was used against him (Case No. 18-cv-691, Doc. 5 at 3).

under § 2241 or § 2255 (Doc. 9 in Case No. 18-cv-1093 (M.D. Pa., June 14, 2018). Again, Reynolds failed to show that his § 2241 claim could be brought within the 28 U.S.C. § 2255(e) "safety-valve"; it could not be considered under § 2255 because the court of appeals had not authorized a successive § 2255 motion. Reynolds was permitted to bring a successive § 2255 motion challenging the constitutionality of his conviction under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) in October 2018, but the motion was denied. *Reynolds v. United States*, Case No. 18-cv-1977 (M.D. Pa., Docs. 565, 566, 662 in criminal case).

This is not Reynolds' first attempt to collaterally attack his conviction in this Court. He previously filed § 2241 petitions pursuant to *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016), *Dimaya*, and *United States v. Davis*, 139 S. Ct. 2319 (2019); both were denied. *Reynolds v. Werlich*, No. 19-CV-1223-SMY, 2020 WL 3316071 (S.D. Ill. June 18, 2020), *reconsideration denied*, No. 19-CV-1223-SMY, 2020 WL 3639900 (S.D. Ill. July 6, 2020); *Reynolds v. Werlich*, Case No. 18-cv-1031-DRH (S.D. Ill., dismissed June 21, 2018, Doc. 20).[4]

The instant § 2241 petition repeats the claims Reynolds made in his previous Rule 60/*Hazel-Atlas* motions (Doc. 1).[5]

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

---

[4] Reynolds appealed the dismissal, which remains pending before the Seventh Circuit under No. 18-2498.

[5] Reynolds also filed a Motion for Fraud Upon the Court requesting recusal of the undersigned from this matter (Doc. 4). He claims the undersigned is involved in a portion of the fraud upon the court because in a previous action, she stated that she would not grant relief even if a higher court remanded her denial. He does not cite to the matter in which the undersigned purportedly made this statement.

Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). He may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Under very limited circumstances, however, a prisoner may challenge his federal conviction or sentence under § 2241. Section § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The fact that a petitioner may be barred from bringing a successive § 2255 petition does not render it an inadequate remedy. *Davenport*, 147 at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Rather, under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction, because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

"A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

*Davenport*, 147 F.3d at 611.  This does not apply to Reynolds.  This case is merely an attempt to make an end-run around § 2255 and the Third Circuit Court of Appeal's decisions denying him the opportunity to file second or successive § 2255 motions.[6]

### Disposition

Petitioner is not entitled to relief under § 2241, and this case is **DISMISSED with prejudice**.  All pending motions are **TERMINATED as moot**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).  If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. §

---

[6] *See United States v. Reynolds*, No. CV 21-1438, 2021 WL 3072815 (3d Cir. Apr. 16, 2021), *cert. denied*, 142 S. Ct. 263, 211 L. Ed. 2d 121 (2021), *reh'g denied*, 142 S. Ct. 852, 211 L. Ed. 2d 529 (2022); *Michael Curtis Reynolds v. United States, et al.*, C.A. 21-2843 (3rd Cir. Feb. 1, 2022) (affirming District Court's order denying § 2241 petition where Reynolds attacked his underlying conviction and sentence, because he did not seek authorization for a successive § 2255 petition).

1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: July 21, 2022**

**STACI M. YANDLE**
**United States District Judge**